**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6843**

WALLY BOONE,

          Plaintiff - Appellant,

     v.

C.D. EVERETT, K-9 Officer; RODRIGUEZ, Sergeant,

          Defendants - Appellees,

     and

CORIZON, contractors in the employment of Virginia Department of Corrections Medical Department; MS. SIDI; MS. JACKSON; MS. M. WOODRUFF,

          Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Anthony J. Trenga, District Judge. (1:14-cv-01619-AJT-TCB)

Submitted:  September 28, 2016      Decided:  October 21, 2016

Before TRAXLER, KEENAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Wally Boone, Appellant Pro Se.  John Michael Parsons, Assistant Attorney General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wally Boone appeals the district court's order granting Officer C.D. Everett and Sergeant L. Rodriguez's motion for summary judgment and denying relief on his 42 U.S.C. § 1983 (2012) complaint. Boone's complaint raises Eighth Amendment excessive force claims. In his complaint, Boone alleges that: (1) Everett slammed Boone's head into a wall, threw him on the floor, jumped on top of him, and choked him until he became unconscious, and (2) Rodriguez dragged Boone to the medical department while threatening to drop him and allowing Boone's genitals to remain exposed.*

The district court granted Defendants' motion for summary judgment. We affirm in part, vacate in part, and remand for further proceedings.

We review a district court's award of summary judgment de novo, viewing the facts and inferences reasonably drawn from those facts in the light most favorable to the nonmoving party. Core Commc'ns, Inc. v. Verizon Md. LLC, 744 F.3d 310, 320 (4th

---

* Boone also appeals the district court's dismissal of his deliberate indifference claim against Nurse Sidi. But Boone does not challenge the district court's sole dispositive ruling on the claim against Sidi—that Boone failed to exhaust his administrative remedies against Sidi. Thus, Boone has waived appellate review of that ruling. See 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief."); Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014).

3

Cir. 2014). A court can only award summary judgment when no genuine dispute of material fact remains and the record shows that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the moving party makes an initial showing that there is no genuine issue of material fact, the nonmoving party must "go beyond the pleadings" and rely on some form of evidence, including affidavits, to demonstrate that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Thus, to withstand summary judgment, the nonmoving party must produce competent evidence that goes beyond "[c]onclusory or speculative allegations" and relies on more than "a mere scintilla of evidence." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotations omitted).

When reviewing the evidence submitted, a court cannot "credit[ ] the evidence of the party seeking summary judgment and fail[ ] properly to acknowledge key evidence offered by the party opposing that motion." Tolan v. Cotton, 134 S. Ct. 1861, 1867 (2014). Such conduct would improperly weigh the evidence and resolve disputed issues in the moving party's favor. Id. But when the record "blatantly contradict[s]" the nonmoving party's version of events, a court can adopt the moving party's version. Scott v. Harris, 550 U.S. 372, 380 (2007) (relying on

4

unaltered videotape evidence that contradicted nonmoving party's claim to adopt moving party's version of facts).

Here, the issue for summary judgment implicates the Eighth Amendment, which protects prisoners from "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010). An Eighth Amendment claim for excessive force, like Boone's claim, requires the prisoner to prove the official possessed a culpable state of mind (subjective component) and caused the prisoner a sufficiently serious deprivation or injury (objective component). Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

The subjective component requires a prisoner to prove the official acted "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." Whitley, 475 U.S. at 320-21 (internal quotation marks omitted). Not every malevolent touch by a prison guard gives rise to an excessive force claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Factors showing malicious or sadistic intent include:

> (1)  the need for force,
> (2)  the degree of force used in relation to the need for force,
> (3)  the existence of a threat reasonably perceived by the official,
> (4)  any efforts made to lessen the severity of a forceful response, and

5

(5) the extent of the prisoner's injury.

Id. at 7.

The objective component measures the force used against "contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotations omitted). When a prisoner satisfies the subjective standard, "contemporary standards of decency always are violated." Id. at 9.

Turning first to the excessive force claim against Everett, we hold that the district court's opinion contains flaws necessitating remand. First, the opinion does not mention the evidence Boone proffered to support his claim, which included: (1) his affidavit attesting to his account of the incident, (2) his prison grievances detailing injuries consistent with his allegations, and (3) affidavits from three other inmates who attested they observed Everett slam Boone's head into a wall and choke him. A court may only reject the nonmoving party's evidence, such as Boone's affidavits and grievances, when uncontroverted evidence in the record "blatantly contradict[s]" it. Scott, 550 U.S. at 378. No such blatant contradiction exists here.

By overlooking Boone's evidence, the district court's opinion offers a version of the facts that almost exclusively relies on Defendants' account. Boone relied on evidence he submitted to allege that Everett slammed Boone's head against a

6

wall and choked him. Everett denied those allegations. Despite this direct contradiction, the opinion adopts Everett's allegations without crediting Boone's allegations. See Tolan, 134 S. Ct. at 1867 (finding that the court erred in its review of a summary judgment motion when it "did not credit directly contradictory evidence" to the nonmoving party). The court therefore did not view the facts in the light most favorable to the nonmoving party as required for summary judgment review. Id. at 1866; Core Commc'ns, Inc., 744 F.3d at 320.

Thus, the district court did not apply the correct standard when viewing the record, and our review shows a genuine dispute of material fact exists as to the need for and amount of force Everett used. Accordingly, we vacate the award of judgment for Everett and remand for further proceedings.

We next turn to Boone's excessive force claim against Sergeant Rodriguez. Rodriguez made an initial showing to support summary judgment through his affidavit. In response, Boone offered nothing more than his conclusory allegations that Rodriguez dragged him, threatened to drop him, and allowed his genitals to remain exposed. In one of the affidavits Boone submitted, the witness attested to watching officers drag Boone with his genitals exposed, but the witness did not identify the officer or explain why the officer dragged Boone. Without more than "a mere scintilla of evidence," Boone has not raised a

7

genuine dispute of material fact for whether Rodriguez acted maliciously or sadistically. <u>Thompson</u>, 312 F.3d at 649. Nor has Boone offered any evidence to make the objective showing. Thus, although we vacate the district court's grant of summary judgment to Everett, we affirm the district court's grant of summary judgment to Rodriguez.

We further deny Boone's motion to appoint counsel at this stage. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
